[Cite as *State v. Emler*, 2016-Ohio-5162.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. William B. Hoffman, J. |
| -vs- | : | |
| | : | |
| CHAD A. EMLER | : | Case No. 2016-CA-0004 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2015-CR-0123



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                July 27, 2016



APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

BENJAMIN E. HALL                            JEFFREY A. MULLEN
318 Chestnut Street                         239  North Fourth Street
Coshocton, OH  43812                        Coshocton, OH  43812

*Farmer, P.J.*

{¶1}   On November 20, 2015, the Coshocton County Grand Jury indicted appellant, Chad Emler, on one count of theft of a motor vehicle in violation of R.C. 2913.02.   Said charge arose after appellant was found behind a house asleep in a vehicle that had been reported stolen that morning.

{¶2}   A bench trial was held on February 23, 2016.   During the trial, the state presented six exhibits, one of which was the narrative of the investigating officer (State's Exhibit 6).   Appellant stipulated to the admission of the exhibits and the facts contained therein.   No testimony was taken.   By judgment entry filed March 1, 2016, the trial court found appellant guilty as charged.   By judgment entry filed March 2, 2016, the trial court sentenced appellant to seventeen months in prison.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignment of error is as follows:

I

{¶4}   "THE TRIAL COURT'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶5}   Appellant claims the trial court's verdict was against the manifest weight of the evidence.   Appellant claims based on the stipulated facts, the conviction should have been for unauthorized use of a motor vehicle.   We disagree.

{¶6}   On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly

lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶7}  Appellant was convicted of theft of a motor vehicle in violation of R.C. 2913.02(A)(1) which states: "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways: (1) Without the consent of the owner or person authorized to give consent."

{¶8}  Appellant argues the facts reflect that he was only guilty of unauthorized use of a motor vehicle in violation of R.C. 2913.03 which states in part: "(A) No person shall knowingly use or operate an aircraft, motor vehicle, motorcycle, motorboat, or other motor-propelled vehicle without the consent of the owner or person authorized to give consent."

{¶9}  The essential difference between the two offenses is the "purpose to deprive the owner of property" language contained in R.C. 2913.02(A). R.C. 2913.01(C) defines "deprive" as follows in part:

(1) Withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration;

(3) Accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration.

{¶10} Appellant argues there is nothing in the record to suggest he had any purpose to deprive the owner of his vehicle. Appellant argues it was merely a "joy ride."

{¶11} In its March 1, 2016 judgment entry finding appellant guilty, the trial court found from the stipulated facts that the vehicle was found "approximately 4 miles driving distance from its original location" and "parked so that it was hidden from view." When the police asked appellant why he took the vehicle, appellant stated "he 'doesn't have anything' and 'his life is shit.' " The trial court determined the following:

11. The Court finds that the facts as set forth above support the determination that the defendant acted with purpose to deprive the owner of the Ford Explorer.

12. Because there is no way to look into the mind of the defendant to determine his intent, the Court must rely on inferences from the surrounding facts and circumstances to prove purpose.

13. In this case the defendant was found sleeping in the Ford Explorer while the vehicle was hidden from view. These two facts show that the defendant had not abandoned the Explorer, and intended to

continue using it. When combined with the defendant's inculpatory statement, there is no doubt as to the defendant's purpose.

{¶12} During the verdict announcement/sentencing hearing, the trial court specifically stated the following (March 1, 2016 T. at 5-6):

The court finds that the defendant's request for conviction of a lesser included offense is not warranted. The defendant has requested a conviction for unauthorized use of a motor vehicle, in violation of Revised Code Section 2913.03. The lesser included offense is not appropriate because it was the defendant's purpose to deprive the owner of the Explorer. The defendant was sleeping in the Explorer when it was found, and the Explorer was hidden from view. Moreover, the defendant did not abandon the vehicle or take other action consistent with what is often referred to as joyriding.

{¶13} We find the evidence supports the trial court's determination. The stipulated evidence, State's Exhibit 6, established the vehicle was missing overnight and later found parked behind a house with appellant sleeping inside. Appellant was getting out of the vehicle when the police approached. Appellant saw the police and fled. The police caught him and when questioned, appellant admitted to taking the vehicle. The evidence established the vehicle was hidden behind a house to deprive the owner of his property.

{¶14} Upon review, we find the trial court did not lose its way and find no manifest miscarriage of justice.

{¶15} The sole assignment of error is denied.

{¶16} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Hoffman, J. concur.

SGF/sg 707